IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ADKINS,

    Plaintiff,                                    Civil Action No.

vs.

LIFE INSURANCE COMPANY
OF NORTH AMERICA

    Defendant.

**COMPLAINT**

AND NOW, come the Plaintiff, Patricia Adkins, by and through her attorney, Gianni Floro, Esquire, and files the following "Complaint:"

1. The Plaintiff, Patricia Adkins (hereinafter, "Adkins"), is an adult individual whose address is located at 81 Bradford Avenue, Crafton, PA 15205.

2. The Defendant, Life Insurance Company of North America (hereinafter, "LICNA"), is a domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its registered business address listed at 1600 Arch Street, Philadelphia, Pa.19103. All at time material hereto, LICNA operated by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies.

3. This is an action file pursuant to Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001 *et seq.* (hereinafter, "ERISA") and the Declaratory Judgment Act , 28 U.S.C. §§ 2201 and 2201.

4. Mrs. Adkins is a participant in an employee welfare benefit plan (hereinafter, the "Plan") administered pursuant to an insurance policy issued by LICNA.

The Plan is governed by ERISA. She is a beneficiary under the Plan. This action concerns the unreasonable denial of benefits.

5. Jurisdiction of this Court arises under ERISA, which provides Mrs. Adkins the right to judicial review of a benefit determination of a plan administrator, § 1132(a)(1)(B) to obtain benefits due under the terms of the plan §1132(a)(3)(A) to enjoin an act or practice which violates an ERISA provision, and § 1132(3)(B) which provides redress for such violations.

6. The allegations herein are based upon the knowledge and experience of Mrs. Adkins as well as the documentation contained in the administrative file on Mrs. Adkins maintained by LICNA throughout this dispute.

7. Mrs. Adkins is a fifty-five (55) year old woman employed with Cigna Companies as a Customer Service Associate since March 31, 2014.

8. That during the time Mrs. Adkins was employed, her employer, Cigna, maintained a Long Term Disability group insurance policy, Plan Numbers FLK 0546200 and GUM 102600 (Waiver of Premium), provided by LICNA, together with what LICNA provided when she requested information regarding the Short Term Disability Policy. A copy of this Policy is attached hereto at "Exhibit 1"

9. On approximately April 18, 2016, Mrs. Adkins was diagnosed with colon cancer became disabled and incapable of performing her job with her employer, and also incapable of performing any other gainful employment. As a result, Mrs. Adkins became a beneficiary under the terms and conditions of the Long Term Disability (hereinafter, "LTD") group insurance plan/policy numbers FLK 0546200 and GUM 102600 provided by LICNA.

10. Mrs. Adkins date of her disability was May 2, 2016, and a claim was approved and paid through March 2, 2017.

11. Mrs. Adkins received short term disability benefits for approximately six months and was on LTD for approximately four months when LICNA ceased paying LTD as of March 2, 2017.

12. LICNA's Long Term Disability Policy states the following:

"**Definition of Disability/Disabled for Employees other than CIGNA Pilots**.

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative.

After Long Term Disability Benefits have been payable for 18 continuous months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience.

The Insurance Company will require proof of earnings and continued Disability.

13. There is no dispute that Mrs. Adkins qualified for these benefits for the above time period under the plan language.

14. Prior to the cessation of benefits, in early June of 2016, Mrs. Adkins developed additional residual debilitating conditions as a result of Oxiliplatin treatment which resulted in related painful peripheral neuropathy, characterized by increased pain an paresthesia in the fingertips and toes.

15. Mrs. Adkins job involves significant use of her hands and fingers,

substantial fine motor skills, and proficient timed typing skills.

16. The functionality of her hands and fingers is paramount to her ability to carry out the duties and responsibilities consistent with her job.

17. Under the terms and provisions of the LTD Plan, Mrs. Adkins was unable to return to work even if she so desired. Specifically, the LTD Plan stated:

"The Employee's ability to work is based on the following:

1. medical evidence submitted by the Employee;

2. consultation with Employee's Physician;

3. evaluation of the Employee's ability to work by not more than three independent experts if required by the Insurance company, and

4. an offer of employment that meets the Employee's capacity to do the work is made by an employer."

18. The offer of proof of disability through medical evidence submitted by Mrs. Adkins and her treating physicians, by default, clearly preclude her ability to return to work and meet the criteria of the four prong paradigm necessary to prove an employee's Optimum Ability to return to work. LICNA cannot have it both ways.

19. Nonetheless, LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, have capriciously refused to reinstate and/or continue Mrs. Adkins benefits from March 2, 2017 and continuing.

20. Mrs. Adkins appealed the denial and submitted further medical support, however, the denial was upheld by letter from LICNA, through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group

Insurance and the CIGNA companies, dated November 27, 2017 to the undersigned. As a result, Mrs. Adkins has exhausted all administrative remedies pursuant to the terms and conditions of the policy of insurance provided by LICNA.

21.  The letter dated November 27, 2017 from LICNA, through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, to the undersigned clearly acknowledged and agreed that after a review of all information on file, the reviewer concluded that: "After reviewing all medical records on file, the reviewer concluded that the evidence does support that your client was physically functionally limited for the period of March 3, 2017 and continuing."

22.  Nonetheless, despite the conclusion of LICNA's own reviewer and the multiple medical opinions offered by Mrs. Adkins' qualified medical professionals that Mrs. Adkins be awarded and remain on disability, her application for Long Term Disability Benefits for March 3, 2017 and continuing was denied on March 2, 2017, and that decision was affirmed on May 15, 2017 and final appeal denied on November 27, 2017.

23.  The letter dated November 27, 2017 further stated that LICNA was not disputing that Mrs. Adkins may have restrictions and/or limitations, but an explanation of Mrs. Adkins functionality and how her functional capacity prevents her from performing her Regular Occupation from March 3, 2017 and forward is not medically supported despite the fact that it's own reviewer stated that the evidence did support that Mrs. Adkins was physically functionally limited for the period March 3, 2017 and continuing.

24. LICNA never required or requested that Mrs. Adkins take an independent medical examination selected by Cigna and/or LICNA.

25. Although one of the major functions of her job is the ability to type, the letter to Mrs. Adkins dated November 27, 2017 notifying her of its denial decision did not contain a description of Mrs. Adkins regular occupation duties.

## COUNT I
### Adkins v. Life Insurance Company of North America
### Right to Judicial Review of Benefit Denial - 29 U.S.C. §1132

26. Paragraphs No. 1 through 25 of the Complaint are incorporated herein by reference as if the same were fully set forth herein.

27. The refusal of LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, to recognize the disability limitations imposed upon Mrs. Adkins by her medical care providers and it's own reviewer's conclusions results in an administrative appellate review that is demonstrably erroneous which ERISA allows this Court to correct.

28. ERISA empowers Mrs. Adkins to petition this Court for judicial review of her documented disabling conditions and reverse the Defendants decision and to look past the same in its continued denial of benefits.

29. Mrs. Adkins is covered under the Plan and the Plan is governed by the Employee Retirement Income Security Act of 1974 Public Law 93-406 (ERISA).

30. LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, classified Mrs. Adkins' occupation as sedentary as per the Dictionary of

6

Occupational Titles.

31.     There was no sound basis in the record to support LICNA's finding that Plaintiff 's functionality and how her functional capacity prevents her from performing her Regular Occupation from March 3, 2017 and forward is not medically supported when It's own reviewer concluded by letter dated November 27, 2017 to the undersigned that the clinical data supported impairment which *does* support medically necessary work activity restrictions for the period of March 3, 2017 and continuing.

32.     The November 27, 2017 letter to the undersigned stated: "After reviewing all medical records on file, the reviewer concluded that the evidence does support that Mrs. Adkins was physically functionally limited for the period of March 3, 2017 and continuing due to bilateral carpal/cubital tunnel syndrome and peripheral neuropathy.

33.     LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, acknowledged that the medical records noted that Mrs. Adkins had difficulty with fine motor manipulation including typing, and buttoning her shirts and other fine motor tasks.

34.     The denial of Adkins disability claim was not reasonably supported by the medical evidence.

35.     LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, had no sound basis for concluding that the plaintiff's condition which it once recognized as physically functionally limited for the period of March 3, 2017 and continuing due to bilateral carpal/cubital tunnel syndrome and peripheral neuropathy had

improved.

36. The action on the part of LICNA in denying benefits to Mrs. Adkins was arbitrary and capricious.

37. LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, failed to consider the entire medical file of Mrs. Adkins and further failed to rely upon the objective, undisputed and conclusive evidence of her treating physicians, all of which was arbitrary and capricious.

38. LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, failed to consider it's own reviewer's conclusion that the evidence does support that Mrs. Adkins was physically functionally limited for the period of March 3, 2017 and continuing due to bilateral carpal/cubital tunnel syndrome and peripheral neuropathy.

39. LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, made a baseless conclusion that Mrs. Adkins may have restrictions and/or limitations, but the explanation of her functionality and how her functional capacity prevents her from performing her Regular Occupation from March 3, 2017 and forward is not medically supported conflicts with its's reviewer's conclusion to the contrary and it's termination of Mrs. Adkins's benefits was arbitrary and capricious.

40. Pursuant to the terms and conditions of the policy, Mrs. Adkins is entitled to receive disability benefits from March 3, 2017 as long as she remains disabled, pursuant

to the definition of disability in the aforementioned policy.

41. LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, has arbitrarily and capriciously denied Mrs. Adkins claim as it has misconstrued the definition of disability by using an overly stringent definition and has misconstrued and misinterpreted the work restrictions of her treating physicians and more specifically has failed to accept the testimony of her treating physicians in addition to and also very important to conclusion of its own reviewer's opinion that the evidence does support that she was physically functionally limited for the period of March 3, 2017 and continuing.

42. LICNA, by and through its agents, ostensible agents, servants, employees, and/or independent contractors, including CIGNA Group Insurance and the CIGNA companies, made a baseless conclusion that its termination of Mrs. Adkins' benefits was justified permitted it the unfair use of money that should have been paid to her long ago.

43. As a result of LICNA's ultimate denial of Mrs. Adkins long term disability benefits, Mrs. Adkins has been forced to withdraw a significant portion of her 401K, in an amount in excess of approximately sixty-thousand ($60,000.00), in order to maintain her living expenses and to finance the ongoing medical treatments which she continues to require.

44. The denial of her Long Term Disability Benefits, together with her ongoing medical treatment for her multiple disabling conditions, has caused Mrs. Adkins severe stress and financial hardship, all of which continue to date, and all of which are due to the unreasonable denial of Mrs. Adkins' benefits, including her Short Term Disability

premiums and Long Term Disability Benefits.

WHEREFORE, the Plaintiff, Patricia Adkins respectfully requests that the Court:

A.	Grant, award, declare or otherwise provide Patricia Adkins relief to which she is entitled under ERISA, namely, *inter alia*, the disability benefits and waiver of premiums from Life Insurance Company of North America under the provisions of the group long term disability policy numbers FLK 0546200 and GUM 102600 from March 2, 2017 including past and future income and medical benefits for so long as she remains disabled;

B.	Grant, award, declare or otherwise provide an award of pre-and post-judgment interest on all amounts due and owing, pursuant to the terms and provisions of the long term disability policy;

C.	Grant, award, declare or otherwise provide reimbursement for the taxes, penalties, and attorney fees she has incurred, or is reasonably expected to incur, as a result of the Life Insurance Company of North America's denial of her long term disability benefits; and

D.	Grant, award, declare or otherwise provide such other relief as may be just and reasonable, including without limitation to any available remedial relief.

Respectfully submitted,

/s/ Gianni Floro
Gianni Floro, Esquire
PA ID 85837
Attorney for the Plaintiff
935 Beaver Grade Road, Suite 6
Moon Township, PA  15108
P:  (412) 264-6040
F:  (412) 264-2510
E:  gfloro84@comcast.net